# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| KARRY MARIE YEARWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-CV-00311 |
| | ) |
| CITY OF GRAYSVILLE, CHIEF JULIE | ) |
| LYNN TANKSLEY, OFFICER KEITH | ) |
| WAYNE POST, and OFFICER LANDON | ) |
| TREW, In their individual and official | ) |
| capacities as agents and employees of the City | ) |
| of Graysville, | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Julie Lynn Tanksley, Keith Wayne Post and Landon Trew, in their individual capacities, hereby appear by and through counsel and for these Defendants' Answer to the Plaintiff's Amended Complaint (Doc. 14) state as follows:

1.  In response to paragraph 1 of the Plaintiff's Amended Complaint, it is admitted that the Plaintiff has filed suit against these Defendants. It is denied that there is any basis for suit, and therefore, the remaining allegations are denied as written and strict proof is required thereof.

2.  In response to paragraph 2 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

3.  In response to paragraph 3 of the Plaintiff's Amended Complaint, these allegations are denied.

4.  In response to paragraph 4 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the

extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

5. In response to paragraph 5 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

6. In response to paragraph 6 of the Plaintiff's Amended Complaint, it is denied that these Defendants violated any of the Plaintiff's civil rights or any other rights of the Plaintiff in any way. It is also denied that these Defendants violated Tennessee common law as it pertains to the claims filed by the Plaintiff. However, jurisdiction is not disputed.

7. In response to paragraph 7 of the Plaintiff's Amended Complaint, venue is not disputed.

8. In response to paragraph 8 of the Plaintiff's Amended Complaint, based on information and belief, these allegations are admitted.

9. In response to paragraph 9 of the Plaintiff's Amended Complaint, these allegations so not pertain to these Defendants. Therefore, no answer is warranted and none is given.

10. In response to paragraph 10 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

11. In response to paragraph 11 of the Plaintiff's Amended Complaint, it is admitted that at all time relevant, these Defendants were employed by the City of Graysville, Tennessee, and acted in their capacities as law enforcement officers with the City.

12. In response to paragraph 12 of the Plaintiff's Amended Complaint, it is admitted that the Plaintiff has sued the Defendants in their individual capacities. It is denied that these Defendants are liable to the Plaintiff in any way.

2

13. In response to paragraph 13 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

14. In response to paragraph 14 of the Plaintiff's Amended Complaint, it is admitted that Officer Post conducted a traffic stop of Debbie Caraway. It is also admitted the car contained two minors. The remaining allegations are denied as written.

15. In response to paragraph 15 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

16. In response to paragraph 16 of the Plaintiff's Amended Complaint, it is admitted only that the minor referred to in Plaintiff's Amended Complaint as DN was arrested with respect to a felony vandalism charge.

17. In response to paragraph 17 of the Plaintiff's Amended Complaint, these allegations are outside of the course and scope of knowledge of these Defendants. Therefore, for the purposes of this Answer, they are denied as written and strict proof is required thereof. It is admitted only that the Plaintiff did come to the scene of the traffic stop as referenced above.

18. In response to paragraph 18 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

19. In response to paragraph 19 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

20. In response to paragraph 20 of the Plaintiff's Amended Complaint, these allegations are outside of the course and scope of knowledge of these Defendants. Therefore, for the purposes of this Answer, these allegations are denied as written and strict proof is required thereof.

21. In response to paragraph 21 of the Plaintiff's Amended Complaint, it is admitted that Plaintiff was arrested for disorderly conduct and resisting arrest. The remaining allegations are denied as written and strict proof is required thereof.

22. In response to paragraph 22 of the Plaintiff's Amended Complaint, it is admitted that Officer Post transported the Plaintiff to the Rhea County Jail. The remaining allegations are denied as written and strict proof is required thereof.

23. In response to paragraph 23 of the Plaintiff's Amended Complaint, these allegations are currently outside of the course and scope of knowledge of these Defendants. Therefore, for the purposes of this Answer, they are denied as written and strict proof is required thereof.

24. In response to paragraph 24 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

25. In response to paragraph 25 of the Plaintiff's Amended Complaint, these allegations are currently outside of the course and scope of knowledge of these Defendants. Therefore, for the purposes of this Answer, these allegations are denied as written and strict proof is required thereof.

26. In response to paragraph 26 of the Plaintiff's Amended Complaint, it is admitted that Plaintiff was indicted by a Rhea County Grand Jury. The remaining allegations are denied as written and strict proof is required thereof.

27. In response to paragraph 27 of the Plaintiff's Amended Complaint, it is admitted that Plaintiff was indicted by a Rhea County Grand Jury.

28. In response to paragraph 28 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

29. In response to paragraph 29 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof

30. In response to paragraph 30 of the Plaintiff's Amended Complaint, it is admitted that Plaintiff was arrested on a true bill. The remaining allegations are denied as written and strict proof is required thereof.

31. In response to paragraph 31 of the Plaintiff's Amended Complaint, the true bill as it relates to the Plaintiff's criminal charge speaks for itself and is the best evidence thereof.

32. In response to the first paragraph 32 of the Plaintiff's Amended Complaint, these allegations are generally admitted based on information and belief.

33. In response to paragraph 33 of the Plaintiff's Amended Complaint, it is admitted generally that a call was placed to the police.

34. In response to paragraph 34 of the Plaintiff's Amended Complaint, after investigating the call, it is admitted that Chief Tanksley told two individuals to leave the premises.

35. In response to paragraph 35 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

36. In response to paragraph 36 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

37. In response to paragraph 37 of the Plaintiff's Amended Complaint, these allegations are denied as written. It is admitted only that Defendant Tanksley did see Plaintiff assault Ms. Caraway.

38. In response to paragraph 38 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

39. In response to paragraph 39 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

40. In response to paragraph 40 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

41. In response to paragraph 41 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

42. In response to paragraph 42 of the Plaintiff's Amended Complaint, it is admitted that the Plaintiff assaulted Ms. Caraway. The remaining allegations are denied as written and strict proof is required thereof.

43. In response to paragraph 43 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

44. In response to paragraph 44 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

45. In response to paragraph 45 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

46. In response to paragraph 46 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof. It is admitted however that the Plaintiff wrongfully threw a bloody feminine hygiene pad at Defendant Tanksley during this incident.

47. In response to paragraph 47 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

48. In response to paragraph 48 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

49. In response to paragraph 49 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

50. In response to paragraph 50 of the Plaintiff's Amended Complaint, these allegations are admitted.

51. In response to paragraph 51 of the Plaintiff's Amended Complaint, based on information and belief, these allegations are admitted.

52. In response to paragraph 52 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

53. In response to paragraph 53 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

54. In response to paragraph 54 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

55. In response to paragraph 55 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

56. In response to paragraph 56 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

57. In response to paragraph 57 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. .

58. In response to paragraph 58 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

59. In response to paragraph 59 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

60. In response to paragraph 60 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

61. In response to paragraph 61 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

62. In response to paragraph 62 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

63. In response to paragraph 63 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. .

64. In response to paragraph 64 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

65. In response to paragraph 65 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

66. In response to paragraph 66 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

67. In response to paragraph 67 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

68. In response to paragraph 68 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

69. In response to paragraph 69 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

70. In response to paragraph 70 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

71. In response to paragraph 71 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

72. In response to paragraph 72 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

73. In response to paragraph 73 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

74. In response to paragraph 74 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

75. In response to paragraph 75 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

76. In response to paragraph 76 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

77. In response to paragraph 77 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the

extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

78. In response to paragraph 78 of the Plaintiff's Amended Complaint, these Defendants restate their responses for paragraphs 1 through 77.

79. In response to paragraph 79 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

80. In response to paragraph 80 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

81. In response to paragraph 81 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

82. In response to paragraph 82 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied and strict proof is required thereof.

83. In response to paragraph 83 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

84. In response to paragraph 84 of the Plaintiff's Amended Complaint, it is admitted that Defendants Post and Trew, at all times relevant, acted in their capacity as police officers with the City of Graysville Tennessee Police Department. The remaining allegations are denied as written and strict proof is required thereof.

10

85. In response to paragraph 85 of the Plaintiff's Amended Complaint, it is admitted yet again that the Plaintiff has filed suit against these Defendants in their individual capacities.

86. In response to paragraph 86 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

87. In response to paragraph 87 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

88. In response to paragraph 88 of the Plaintiff's Amended Complaint, these Defendants restate their responses for paragraphs 1 through 87 of the Plaintiff's Amended Complaint.

89. In response to paragraph 89 of the Plaintiff's Amended Complaint, it is denied that Defendants Post or Trew brought any false charges against the Plaintiff.

90. In response to paragraph 90 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

91. In response to paragraph 91 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof

92. In response to paragraph 92 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

93. In response to paragraph 93 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

94. In response to paragraph 94 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

95. In response to paragraph 95 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

96. In response to paragraph 96 of the Plaintiff's Amended Complaint, it is admitted that these Defendants, at all times relevant, acted in their capacities as police officers with the City of Graysville Tennessee Police Department. The remaining allegations are denied as written and strict proof is required thereof.

97. In response to paragraph 97 of the Plaintiff's Amended Complaint, it is admitted only that these Defendants have been sued in their individual capacities. The remaining allegations are denied as written and strict proof is required thereof.

98. In response to paragraph 98 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

99. In response to paragraph 99 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

100. In response to paragraph 100 of the Plaintiff's Amended Complaint, these Defendants restate their responses for paragraphs 1 through 99 of the Plaintiff's Amended Complaint.

101. In response to paragraph 101 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

102. In response to paragraph 102 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

103. In response to paragraph 103 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

104. In response to paragraph 104 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

105. In response to paragraph 105 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

106. In response to paragraph 106 of the Plaintiff's Amended Complaint, it is admitted that Defendant Tanksley acted in her capacity as a law enforcement officer with the City of Graysville Tennessee Police Department at all times relevant. The remaining allegations are denied as written and strict proof is required thereof.

107. In response to paragraph 107 of the Plaintiff's Amended Complaint, it is admitted that the Plaintiff has sued Defendant Tanksley in her individual capacity.

108. In response to paragraph 108 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

109. In response to paragraph 109 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is

13

given. To the extent these allegations pertain to these Defendant, they are denied as written and strict proof is required thereof.

110. In response to paragraph 110 of the Plaintiff's Amended Complaint, these Defendants restate their responses for paragraphs 1 through 109 of the Plaintiff's Amended Complaint.

111. In response to paragraph 111 of the Plaintiff's Amended Complaint, it is denied that Tanksley placed any false criminal charges on the Plaintiff.

112. In response to paragraph 112 of the Plaintiff's Amended Complaint, it is denied that Tanksley placed any false criminal charges against the Plaintiff.

113. In response to paragraph 113 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

114. In response to paragraph 114 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

115. In response to paragraph 115 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

116. In response to paragraph 116 of the Plaintiff's Amended Complaint, it is admitted that Defendant Tanksley acted, at all times relevant, in her capacity as a law enforcement officer with the City of Graysville Tennessee Police Department. The remaining allegations are denied and strict proof is required thereof.

117. In response to paragraph 117 of the Plaintiff's Amended Complaint, it is admitted that the Plaintiff has sued Defendant Tanksley in her individual capacity.

118. In response to paragraph 118 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

119. In response to paragraph 119 of the Plaintiff's Amended Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations pertain to these Defendants, they are denied as written and strict proof is required thereof.

120. In response to paragraph 120 of the Plaintiff's Amended Complaint, these Defendants restate their responses for paragraphs 1 through 119 of the Plaintiff's Amended Complaint.

121. In response to paragraph 121 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

122. In response to paragraph 122 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

123. In response to paragraph 123 of the Plaintiff's Amended Complaint, it is admitted only that the Plaintiff has sued Defendants Trew and Post in their individual capacities. It is maintained that there is no basis for suit.

124. In response to paragraph 124 of the Plaintiff's Amended Complaint, these Defendants restate their responses for paragraphs 1 through 123 of the Plaintiff's Amended Complaint.

125. In response to paragraph 125 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

126. In response to paragraph 126 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

127. In response to paragraph 127 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

128. In response to the first paragraph 128 of the Plaintiff's Amended Complaint, it is admitted yet again that the Plaintiff as sued Defendants Trew and Post in their individual capacities.

129. In response to the second paragraph numbered 129, these Defendants restate their responses for paragraphs 1 through 128 of the Plaintiff's Amended Complaint.

130. In response to paragraph 130 of the Plaintiff's Amended Complaint, these allegations are denied as written and strict proof is required thereof.

131. In response to paragraph 131 of the Plaintiff's Amended Complaint, these allegations are denied and strict proof is required thereof.

132. In response to paragraph 132 of the Plaintiff's Amended Complaint, it is admitted that the Plaintiff has sued Defendant Tanksley in her individual capacity.

133. In response to paragraph 133 of the Plaintiff's Amended Complaint, these Defendants restate their responses for paragraphs 1 through 132 of the Plaintiff's Amended Complaint,

134. In response to paragraph 134 of the Plaintiff's Amended Complaint, these allegations are denied.

135. In response to paragraph 135 of the Plaintiff's Amended Complaint, these allegations are denied.

136. In response to paragraph 136 of the Plaintiff's Amended Complaint, Defendant Tanksley admits that she has been sued in her individual capacity.

137. In response to paragraph 137 of the Plaintiff's Amended Complaint, these Defendants restate their responses for paragraphs 1 through 136 of the Plaintiff's Amended Complaint.

138. In response to paragraph 138 of the Plaintiff's Amended Complaint, these allegations are denied.

139. In response to paragraph 139 of the Plaintiff's Amended Complaint, these allegations are denied.

140. In response to paragraph 140 of the Plaintiff's Amended Complaint, it is admitted that the Plaintiff has sued Defendant Tanksley in her individual capacity.

141. In response to Plaintiff's demand for judgment, paragraphs a – f on page 21 of her Amended Complaint, it is denied that joint several liability applies in this case. It is further denied that the Plaintiff is entitled to an award of compensatory or punitive damages in any amount against any of the individual Defendants. It is denied that the Plaintiff is entitled to an award of attorney's fees, costs or discretionary costs. It is denied that the Plaintiff is entitled to any relief from this Court including but not limited to any relief pursuant to 42 U.S.C. § 1988.

142. It is requested that this Honorable Court award Defendants Julie Tanksley, Keith Post and Landon Trew reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 due to Plaintiff's frivolous institution of this lawsuit.

143. Plaintiff's Amended Complaint fails to state a claim for which relief can be granted against these Defendants. Therefore, it is requested that this Honorable Court dismiss this Amended Complaint in full as to these Defendants.

144. Defendants Julie Tanksley, Keith Post and Landon Trew are entitled to qualified immunity on Plaintiff's federal constitutional claims.

145. These Defendants are entitled to immunity on Plaintiff's state law claims pursuant to the doctrine of state law good faith immunity.

146. These Defendants assert any and all defenses contained in the Tennessee Governmental Tort Liability Act as it pertains to Plaintiff's state law claims pursuant to Tenn. Code Ann. § 29-20-101, *et seq*.

147. These Defendants demand a trial by jury as it pertains to Plaintiff's federal claims.

148. Anything not previously specifically admitted or denied as it pertains to the allegations contained in the Plaintiff's Amended Complaint is to be hereby deemed denied as written and strict proof required thereof.

149. These Defendants reserve the right to amend this Answer pursuant to further investigation and discovery in this case.

RESPECTFULLY submitted this 6th day of January, 2020.

>
> JULIE LYNN TANKSLEY, KEITH WAYNE POST and LANDON TREW, Individually
>
> By: /s/Reid A. Spaulding, BPR No. 023363
> REID A. SPAULDING, BPR NO. 023363
> WATSON, ROACH, BATSON,
> ROWELL & LAUDERBACK, P.L.C.
> Attorneys at Law
> P.O. Box 131
> Knoxville, TN 37901-0131
> (865) 637-1700

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 6, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

      Robin Rubin Flores
      4110-A Brainerd Road
      Chattanooga, TN 37411
      (423) 267-1575

      Ronald D. Wells
      ROBINSON, SMITH & WELLS, PLLC
      Suite 700, Republic Centre
      633 Chestnut Street
      Chattanooga, TN 37450
      (423) 756-5051

Dated January 6, 2020.

      <u>/s/Reid A. Spaulding, BPR No. 023363</u>
      REID A. SPAULDING, BPR NO. 023363
      WATSON, ROACH, BATSON,
      ROWELL & LAUDERBACK, P.L.C.
      Attorneys at Law
      P.O. Box 131
      Knoxville, Tennessee 37901-0131
      (865) 637-1700

19

Case 1:19-cv-00311-CLC-CHS   Document 17   Filed 01/06/20   Page 19 of 19   PageID #: 113