# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

KARRY MARIE YEARWOOD )
 )
   Plaintiff )
 ) Case No. 1:19-cv-00311
v. )
 )
CITY OF GRAYSVILLE, CHIEF JULIE LYNN )
TANKSLEY, OFFICER KEITH WAYNE POST, )
and OFFICER LANDON TREW, in their )
individual and official capacities as agents and )
employees of the City of Graysville )
 )
   Defendants )

---

## ANSWER OF THE CITY OF GRAYSVILLE TO THE PLAINTIFF'S AMENDED COMPLAINT

---

The City of Graysville, Tennessee (the "City"), through counsel responds to the Plaintiff's Amended Complaint and pleads as follows:

### I.

In response to paragraph 1, it is denied the Plaintiff was deprived of any rights under the U.S. Constitution or federal or State law.

The remaining allegations in paragraph 1 are legal conclusions to which no response is required.

### II.

The allegations in paragraph 2 are denied.

### III.

The allegations in paragraph 3 are denied.

IV.

The allegations in paragraph 4 are denied.

V.

The allegations in paragraph 5 are denied.

VI.

In response to paragraph 6, it is denied the Plaintiff was deprived of any rights under the U.S. Constitution or federal or State law.

It is admitted that jurisdiction is proper in this Court.

VII.

It is admitted venue is proper in this Court.

VIII.

The allegations in paragraph 8 are admitted.

IX.

The allegations in paragraph 9 are admitted.

X.

The material allegations in paragraph 10 are admitted.

Any allegation or inference of wrongdoing in paragraph 10 is denied.

XI.

In response to paragraph 11, it is admitted that the individual defendants acted as police officers for the City and as employees of the City as defined by Tenn. Code Ann. §29-20-102, at all relevant times.

XII.

The allegations in paragraph 12 are legal conclusions to which no response is required.

XIII.

The allegations in paragraph 13 are legal conclusions to which no response is required.

XIV.

In response to paragraph 14, it is admitted Officer Post conducted a traffic stop of Debbie Carraway. It is admitted the car contained two minors. The remaining allegations in paragraph 14 are denied.

XV.

The allegations in paragraph 15 are denied as written.

XVI.

In response to paragraph 16, it is admitted that D.N. was arrested on a vandalism charge. The remaining allegations in paragraph 16 are denied.

XVII.

The City is without knowledge as to the allegations in paragraph 17.

XVIII.

The allegations in paragraph 18 are denied as written.

XIX.

The allegations in paragraph 19 are denied as written.

XX.

The City is without knowledge as to the allegations in paragraph 20.

XXI.

In response to paragraph 21, it is denied the Plaintiff was arrested unlawfully or without probable cause.

It is admitted the Plaintiff was arrested for disorderly conduct and resisting arrest.

XXII.

In response to paragraph 22, it is admitted that the Plaintiff was transported to the Rhea County Jail by Officer Post.

Any allegation or inference in paragraph 22 that Officer Post had a duty to intervene or that the seizure was unlawful is denied.

XXIII.

The City is currently without knowledge as to the allegations in paragraph 23. Accordingly, proof is demanded.

XXIV.

The City is currently without knowledge as to the allegations in paragraph 24. Accordingly, proof is demanded.

XXV.

The City is without knowledge as to the allegations in paragraph 25. Accordingly, proof is demanded.

XXVI.

In response to paragraph 26, it is admitted the Plaintiff was indicted by the Rhea County Grand Jury.

The remaining allegations in paragraph 26 are denied.

4

## XXVII.

The allegations in paragraph 27 are admitted.

## XXVIII.

The allegations in paragraph 28 are denied as written.

## XXIX.

The allegations in paragraph 29 are denied as written.

## XXX.

In response to the allegations in paragraph 30, it is admitted the Plaintiff was arrested on the true bill charge of disorderly conduct.

The remaining allegations in paragraph 30 are denied.

## XXXI.

In response to paragraph 31, the City would show the true bill speaks for itself.

## XXXII.

The allegations in paragraph 32 are admitted.

## XXXIII.

In response to paragraph 33, it is admitted that a call was placed to police.

## XXXIV.

In response to paragraph 34, it is admitted Chief Tanksley told two individuals to leave the property.

## XXXV.

The City is currently without sufficient knowledge to admit or deny the allegations in paragraph 35. Accordingly, proof is demanded.

XXXVI.

The allegations in paragraph 36 are denied as written.

XXXVII.

The allegations in paragraph 37 are denied as written.

XXXVIII.

The City is currently without sufficient knowledge to admit or deny the allegations in paragraph 38. Accordingly, proof is demanded.

XXXIX.

The City is currently without sufficient knowledge to admit or deny the allegations in paragraph 39. Accordingly, proof is demanded.

XL.

The City is currently without sufficient knowledge to admit or deny the allegations in paragraph 40. Accordingly, proof is demanded.

XLI.

The City is currently without sufficient knowledge to admit or deny the allegations in paragraph 41. Accordingly, proof is demanded.

XLII.

In response to paragraph 42, it is admitted that the Plaintiff assaulted Carraway. The City is currently without sufficient knowledge to admit or deny the remaining allegations in paragraph 42. Accordingly, proof is demanded.

XLIII.

The allegations in paragraph 43 are denied as written.

XLIV.

The allegations in paragraph 44 are denied as written.

XLV.

The allegations in paragraph 45 are denied as written.

XLVI.

The allegations in paragraph 46 are denied as written.

XLVII.

The allegations in paragraph 47 are denied.

XLVIII.

The allegations in paragraph 48 are denied.

XLIX.

The allegations in paragraph 49 are denied.

L.

The allegations in paragraph 50 are admitted.

LI.

The allegations in paragraph 51 are admitted.

LII.

The allegations in paragraph 52 are denied as written.

LIII.

In response to paragraph 53, it is admitted the City received a letter from District Attorney

J. Michael Taylor dated May 22, 2017. The City submits the content of the letter speaks for itself.

LIV.

In response to paragraph 54, the City submits the content of the May 22, 2017, letter speaks for itself.

LV.

In response to paragraph 55, it is admitted Chief Tanksley remains employed by the City as chief of police.

Any allegation or inference or wrongdoing by the City in paragraph 55 is denied.

LVI.

The allegations in paragraph 56 are denied as written.

LVII.

In response to paragraph 57, it is admitted Jason Erik Redden preceded Chief Tanksley as chief of police.

LVIII.

The allegations in paragraph 58 are admitted.

LIX.

The City is currently without knowledge sufficient to admit or deny the allegations in paragraph 59. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 59 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 59 alleges or infers any wrongdoing on behalf of the City, the same is denied.

LX.

In response to paragraph 60, it is admitted Redden was hired as chief of the police department.

To the extent the Plaintiff alleges or infers the allegations in paragraph 60 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 60 alleges or infers any wrongdoing on behalf of the City, the same is denied.

LXI.

In response to paragraph 61, it is admitted Linda Michelle Horton was employed as city recorder for a period of time.

The remaining allegations in paragraph 61 are admitted.

To the extent the Plaintiff alleges or infers the allegations in paragraph 61 are relevant or material to the Plaintiff's case, the same is hereby denied.

LXII.

The allegations in paragraph 62 are admitted.

To the extent the Plaintiff alleges or infers the allegations in paragraph 62 are relevant or material to the Plaintiff's case, the same is hereby denied.

LXIII.

The allegations in paragraph 63 are not admitted. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 63 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 63 alleges or infers any wrongdoing on behalf of the City, the same is denied.

LXIV.

The allegations in paragraph 64 are not admitted. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 64 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 64 alleges or infers any wrongdoing on behalf of the City, the same is denied.

LXV.

The allegations in paragraph 65 are not admitted. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 65 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 65 alleges or infers any wrongdoing on behalf of the City, the same is denied.

LXVI.

The allegations in paragraph 66 are not admitted. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 66 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 66 alleges or infers any wrongdoing on behalf of the City, the same is denied.

LXVII.

The allegations in paragraph 67 are not admitted. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 66 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 67 alleges or infers any wrongdoing on behalf of the City, the same is denied.

## LXVIII.

In response to paragraph 68, it is admitted that the Board voted lift Redden's suspension and that he reassumed duties as chief of police.

To the extent the Plaintiff alleges or infers the allegations in paragraph 68 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 68 alleges or infers any wrongdoing on behalf of the City, the same is denied.

## LXIX.

The allegations in paragraph 69 are not admitted. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 69 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 69 alleges or infers any wrongdoing on behalf of the City, the same is denied.

## LXX.

In response to paragraph 70, it is admitted Redden was indicted by the Rhea County Grand Jury.

To the extent the Plaintiff alleges or infers the allegations in paragraph 70 are relevant or material to the Plaintiff's case, the same is hereby denied.

11

LXXI.

The City is currently without knowledge sufficient to admit or deny the allegations in paragraph 71. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 71 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 71 alleges or infers any wrongdoing on behalf of the City, the same is denied.

LXXII.

The allegations in paragraph 72 are not admitted. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 72 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 72 alleges or infers any wrongdoing on behalf of the City, the same is denied.

LXXIII.

The allegations in paragraph 73 are not admitted. Accordingly, proof is demanded.

To the extent the Plaintiff alleges or infers the allegations in paragraph 73 are relevant or material to the Plaintiff's case, the same is hereby denied.

To the extent paragraph 73 alleges or infers any wrongdoing on behalf of the City, the same is denied.

LXXIV.

The allegations in paragraph 74 are denied.

LXXV.

The allegations in paragraph 75 are denied.

LXXVI.

The allegations in paragraph 76 are denied.

LXXVII.

The allegations in paragraph 77 are denied.

LXXVIII.

No response to paragraph 78 is required.

LXXIX.

The allegations in paragraph 79 are denied.

LXXX.

The allegations in paragraph 80 are denied.

LXXXI.

The allegations in paragraph 81 are denied.

LXXXII.

The allegations in paragraph 82 are denied.

LXXXIII.

The allegations in paragraph 83 are denied.

LXXXIV.

In response to paragraph 84, it is admitted that Officer Post and Officer Trew, at all times

relevant, acted in their capacity as police officers of the City.

The remaining allegations and inferences in paragraph 84 are denied.

LXXXV.

Paragraph 85 contains legal conclusions to which no response is required.

To the extent a response is required, the City denies it is liable to the Plaintiff.

LXXXVI.

The allegations in paragraph 86 are denied.

LXXXVII.

The allegations in paragraph 87 are denied.

LXXXVIII.

No response to paragraph 88 is required.

LXXXIX.

In response to paragraph 89, it is denied Officer Post or Officer Trew made any false criminal charges against the Plaintiff.

XC.

The allegations in paragraph 90 are denied.

XCI.

The allegations in paragraph 91 are denied.

XCII.

The allegations in paragraph 92 are denied.

XCIII.

The allegations in paragraph 93 are denied.

XCIV.

The allegations in paragraph 94 are denied.

14

## XCV.

The allegations in paragraph 95 are denied.

## XCVI.

In response to paragraph 96, it is admitted that the individual defendants, at all times relevant, acted in their capacity as police officers for the City.

The remaining allegations and inferences in paragraph 96 are denied.

## XCVII.

Paragraph 97 contains legal conclusions to which no response is required.

To the extent a response is required, the City denies it is liable to the Plaintiff.

## XCVIII.

The allegations in paragraph 98 are denied.

## XCVIX.

The allegations in paragraph 99 are denied.

## C.

No response to paragraph 100 is required.

## CI.

The allegations in paragraph 101 are denied.

## CII.

No response to paragraph 102 is required.

## CIII.

The allegations in paragraph 103 are denied.

15

CIV.

The allegations in paragraph 104 are denied.

CV.

The allegations in paragraph 105 are denied.

CVI.

In response to paragraph 106, it is admitted that Chief Tanksley, at all times relevant, acted in her capacity as a police officers for the City.

The remaining allegations and inferences in paragraph 106 are denied.

CVII.

Paragraph 107 contains legal conclusions to which no response is required.

To the extent a response is required, the City denies it is liable to the Plaintiff.

CVIII.

The allegations in paragraph 108 are denied.

CVIX.

The allegations in paragraph 109 are denied.

CX.

No response to paragraph 110 is required.

CXI.

In response to paragraph 111, it is denied Chief Tanksley made false criminal charges against the Plaintiff.

CXII.

The allegations in paragraph 112 are denied.

16

CXIII.

The allegations in paragraph 113 are denied.

CXIV.

The allegations in paragraph 114 are denied.

CXV.

The allegations in paragraph 115 are denied.

CXVI.

In response to paragraph 116, it is admitted that Chief Tanksley, at all times relevant, acted in her capacity as a police officer for the City.

The remaining allegations and inferences in paragraph 116 are denied.

CXVII.

Paragraph 117 contains legal conclusions to which no response is required.

To the extent a response is required, the City denies it is liable to the Plaintiff.

CXVIII.

The allegations in paragraph 118 are denied.

CXIX.

The allegations in paragraph 119 are denied.

CXX.

No response to paragraph 120 is required.

CXXI.

The allegations in paragraph 121 are denied.

CXXII.

The allegations in paragraph 122 are denied.

CXXIII.

Paragraph 123 contains legal conclusions to which no response is required.

CXXIV.

No response to paragraph 124 is required.

CXXV.

The allegations in paragraph 125 are denied.

CXXVI.

The allegations in paragraph 126 are denied.

CXXVII.

The allegations in paragraph 127 are denied.

CXXVIII.

Paragraph 128 contains legal conclusions to which no response is required.

CXXIX.

No response to paragraph 129 is required.

CXXX.

The allegations in paragraph 130 are denied.

CXXXI.

The allegations in paragraph 131 are denied.

CXXXII.

Paragraph 132 contains legal conclusions to which no response is required.

CXXXIII.

No response to paragraph 133 is required.

CXXXIV.

The allegations in paragraph 134 are denied.

CXXXV.

The allegations in paragraph 135 are denied.

CXXXVI.

Paragraph 136 contains legal conclusions to which no response is required.

CXXXVII.

No response to paragraph 137 is required.

CXXXVIII.

The allegations in paragraph 138 are denied.

CXXXIX.

The allegations in paragraph 139 are denied.

CXL.

Paragraph 140 contains legal conclusions to which no response is required.

CXLI.

In response to the section of the Complaint beginning "Wherefore," it is denied the Plaintiff is entitled to any of the prayed for relief.

CXLII.

All other allegations, contentions, and conclusions in the Plaintiff's Complaint which have not been admitted, explained or denied are here and now denied.

19

## CXLIII

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## CXLIV.

The City reserves the right to show that the City is immune from punitive damages.

## CXLV.

The City relies upon the defense of common law and sovereign immunity.

## CXLVI.

The City relies upon the immunities, terms, limitations, defenses, etc., contained in the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq.*

## CXLVII.

The City reserves the right to show the Plaintiff's injuries were the result, whole or in part, or his own actions or inactions.

## CXLVIII.

The City reserves the right to show that they are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §1988 and T.C.A. §29-20-113.

## CXLIX.

The City reserves the right to amend this Answer pending discovery.

Respectfully submitted,

ROBINSON, SMITH & WELLS, PLLC
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN   37450
Telephone:     (423) 756-5051
Facsimile:     (423) 266-0474
rwells@rswlaw.com

By: _____ s /Ronald D. Wells_____
          Ronald D. Wells, BPR# 011185
          Philip Aaron Wells, BPR #036248
          *Attorneys for Defendant City of Graysville*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

This the 8th day of January, 2020.

Robinson, Smith & Wells, PLLC

By: _____ s /Ronald D. Wells_____

cc:    Robin R. Flores, Attorney
       Robin Flores Law Office
       4110-A Brainerd Road
       Chattanooga, TN   37411
       *Attorney for Plaintiff*

       Howard L. Upchurch, Attorney
       P.O. Box 381
       119 North Main Street
       Pikeville, TN   37367-0381
       *Attorney for Defendant, City of Graysville*

Reid A. Spaulding, Attorney
Watson, Roach, Batson & Lauderback, PLC
P.O. Box 131
Knoxville, TN   37901-0131
*Attorney for Chief Julie Tanksley, Officer*
*Keith Post and Officer Landon Trew*

RDW/graysvilleyearwood.answer

22